IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GUSTAVO ADOLFO ROBLES GARMENDIA,** § <br> § <br> *Petitioner,* § <br> § <br> v. § <br> § <br> **KRISTI NOEM, in her official capacity** § <br> **as Secretary of the Department of** § <br> **Homeland Security; TODD LYONS, in** § <br> **his official capacity as Director of U.S.** § <br> **Immigration and Customs Enforcement;** § <br> **BRET A. BRADFORD, in his official** § <br> **capacity as Acting Director of the** § <br> **Houston Field Office of ICE,** § <br> **Enforcement and Removal Operations;** § <br> **and WARDEN OF THE LIMESTONE** § <br> **COUNTY DETENTION CENTER,** § <br> § <br> *Respondents,* § | **CASE NO. 6:25-CV-00463-ADA-DTG** |

## REPORT & RECOMMENDATION

**TO:**   **THE HONORABLE ALAN D ALBRIGHT,**
          **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the petitioner, Gustavo Adolfo Robles Garmendia's petition for a writ of habeas corpus (Dkt. No. 1). The petition is fully briefed, and on November 25, 2025, the Court heard arguments from the parties. After careful consideration of the briefs, arguments, and the applicable law, the undersigned **RECOMMENDS** that the petition be **GRANTED** and all other relief requested be **DENIED-AS-MOOT**.

## I.    BACKGROUND

The relevant facts are undisputed. The petitioner, Gustavo Adolfo Robles Garmendia, is a Honduran citizen who entered the United States without inspection in 2012. Dkt No. 1 at 5. On September 20, 2025, officers for Immigration and Customs Enforcement ("ICE") arrested him without a warrant during his commute to work. *Id.* at 14. He was placed in removal proceedings and transferred to the Limestone County Detention Facility in Groesbeck, Texas, where he is currently being held. *Id.* at 3.

Historically, an alien that is already in the country at the time of his arrest would be eligible for a bond hearing before an immigration court under 8 U.S.C. § 1226(a). *See Becerra Vargas v. Bondi*, SA-25-CV-01023-FB-HJB, 2025 WL 3300446, at *4 (W.D. Tex. Nov. 12, 2025), *report and recommendation adopted*, No. SA-25-CV-1023-FB, 2025 WL 3300141 (W.D. Tex. Nov. 26, 2025). The petitioner, however, has been detained pursuant to the government's new immigration policy of holding all aliens classified as "applicants for admission" without bond under 8 U.S.C. § 1225(b)(2). *See* Dkt. No. 1 at 2. As a result, the petitioner claims that filing a bond application would be futile and instead filed a petition for a writ of habeas corpus. *Id.* at 13.

The petitioner raises four claims for relief. First, he argues that his detention without a bond hearing violates the Immigration and Nationality Act (the "INA"). *Id.* at 9. Second, he argues that his detention without a bond hearing violates the due process clause of the Fifth Amendment. *Id.* at 10. Third, he argues that the government's change in immigration policy without reasoned explanation violates the Administrative Procedure Act. *Id.* at 12. And fourth, he argues that the circumstances of his arrest violated the Fourth Amendment. *Id.* at 14. The petitioner asks that the Court issue a writ of habeas corpus and order his immediate release from

custody or a bond hearing within seven (7) days. *Id.* at 20. He also asks for a temporary restraining order and a preliminary injunction requiring a bond hearing or his immediate release, declaratory judgment, and his attorney's fees under the Equal Access to Justice Act ("EAJA"). *Id.*

## II.     ANALYSIS

This petition is one of many filed following the Board of Immigration Appeals' recent holdings in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In both opinions, the Board of Immigration Appeals concluded that detainees present in the United States without admission were subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and could not be considered for release on bond. As a result, immigration judges have uniformly denied such bond requests without reaching their merits.

This approach has been rejected by the courts of this district. The undersigned joins these opinions and **RECOMMENDS** that the Court issue a writ of habeas corpus and order the petitioner's immediate release.

### A.  Jurisdiction.

As always, the Court must first consider its own jurisdiction. *E.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (rejecting the practice of assuming jurisdiction and holding that determining jurisdiction is a fundamental threshold issue). Generally, federal district courts have the authority to issue writs of habeas corpus for those incarcerated within the district in which it sits. 28 U.S.C. § 2241(a); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (stating that the "district of incarceration" has jurisdiction over § 2241 petitions). As the petitioner is incarcerated within the Western District of Texas, § 2241(a) grants this Court jurisdiction over his petition. The respondents argue that the jurisdiction-stripping provisions found in 8 U.S.C. §§

1252(g) and 1225(b)(4) bar judicial review. Dkt. No. 4 at 9–10. Additionally, the respondents argue that the petitioner's Fourth Amendment claim must be administratively exhausted before it is subject to judicial review. *Id.* at 10 (citing *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018)).

For the reasons stated below, the Court does not reach the merits of the petitioner's Fourth Amendment claim. Accordingly, it only considers whether the provisions found in 8 U.S.C. §§ 1252(g) and 1225(b)(4) strips the Court of jurisdiction over the remaining claims.

### 1. 8 U.S.C. § 1252(g) Does Not Deprive the Court of Jurisdiction.

The respondents contend that 8 U.S.C. § 1252(g) deprives the Court of jurisdiction over this petition. Section § 1252(g) strips district courts of jurisdiction over cases "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The respondents broadly construe this to deprive federal courts of jurisdiction over "any part of the process by which [the petitioner's] removability will be determined." Dkt. No. 4 at 8.

This Court does not agree with that interpretation. Section 1252(g) only prevents judicial review of the "three specific actions" outlined in its text. *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018) (rejecting a broad reading of § 1252(g) and limiting it "to just those three specific actions"); *Lopez-Arevelo v. Ripa*, Case No. EP-25-CV-337-KC, 2025 WL 2691828, at *4 (W.D. Tex. Sept. 22, 2025). The petitioner only challenges his detention without a bond hearing, and as held by other courts of this district, section 1252(g) does not deprive this Court of jurisdiction. *Lopez-Arevelo v. Ripa*, 2025 WL 2691828, at *4–5.

### 2. Section 1225(b)(4) Does Not Deprive the Court of Jurisdiction.

The respondents also claim that 8 U.S.C. § 1225(b)(4) deprives the Court of jurisdiction. The respondents contend that the statute requires the petitioner to challenge his classification as an applicant for admission in his ongoing removal proceedings before it is subject to judicial review. Dkt. No. 4 at 9. They argue that this interpretation of § 1225(b)(4) is consistent with the channeling provisions found in 8 U.S.C. § 1252(b)(9), which provides that challenges to removal proceedings must be reviewed by the court of appeals upon a final order of removal. *Id.* at 10 (citing *SQDC v. Bondi*, No. 25–3348 (PAM/DLM), 2025 WL2617973 (D. Minn. Sept. 9, 2025)).

This argument fails on the plain language of the statute. Section 1225(b)(4) provides that any decision of an examining immigration officer that is "favorable to the admission of any alien" may be challenged by another immigration officer before the immigration court. 8 U.S.C. § 1225(b)(4). While the case cited by respondents—*SQDC v. Bondi*, No. 25–3348 (PAM/DLM), 2025 WL2617973 (D. Minn. Sept. 9, 2025)—never referenced § 1225(b)(4), it involved an ICE appeal of a bond determination that was favorable to the alien, which is not the situation here. Section 1225(b)(4) does not apply to challenges raised by an alien and has no bearing on this case. Accordingly, neither provision strips the Court of its jurisdiction.

### B. <u>The Petitioner's Request for a Temporary Restraining Order and Preliminary Injunction is Moot.</u>

The petitioner requests a temporary restraining order and preliminary injunction which would accomplish relief that is identical to the ultimate aims of the instant petition. Dkt. No. 1 at 20. At a hearing, the petitioner agreed that these requests were moot in light of his habeas petition. Accordingly, the undersigned **RECOMMENDS** that the petitioner's motion for a temporary restraining order and preliminary injunction be **DENIED-AS-MOOT**.

### C. The Petitioner Is Not Subject to Mandatory Detention Under the INA.

The petitioner challenges his detention under the INA, the APA, the Fourth Amendment, and the Fifth Amendment. Dkt. No. 1 at 9–14. At a hearing, the parties stipulated that the Court need not reach the merits of the petitioner's remaining claims if he succeeded on his claim under the INA. Accordingly, the Court first considers whether the petitioner's detention violates the INA.

This case turns on whether the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or entitled to a bond hearing under § 1226(a). Section 1225(b)(2) mandates the detention of any alien "who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted . . . ." Traditionally, § 1225(b)(2) has been applied only applicants for admission who are "seeking admission" into the country. *See Becerra Vargas*, 2025 WL 3300446, at *4. Aliens already in the country, however, have historically been detained under the procedures outlined in § 1226, which allows them to seek release on bond during their removal proceedings. *See id.* In the wake of the BIA's decisions in *Q. Li* and *Yajure Hurtado*, the government shifted from its historic approach and asserted that all applicants for admission—whether seeking admission into or already in the United States—are subject to mandatory detention under § 1225(b)(2).

While the respondents' interpretation of § 1225 is new, this Court is not the first to deliberate on it. Many federal courts have considered the government's position at length. The majority and all within this District have rejected it. *See, e.g., Aguinaga-Trujillo v. Noem*, No. 5:25-CV-1266-JKP, 2025 WL 3471572, at *5 (W.D. Tex. Nov. 24, 2025); *Mayancela v. Noem*, No. 5:25-CV-1038-OLG-RBF (W.D. Tex. Nov. 18, 2025) (collecting cases); *Buenrosto-Mendez*

*v. Bondi*, No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025). The Court finds these opinions persuasive and adopts their reasoning in the present case.

Section 1225(b)(2)'s plain text sets three requirements to mandatory detention. First, the alien must be "an applicant for admission." Second, the alien must be "seeking admission." Third, an examining immigration officer must find that the alien "is not clearly and beyond a doubt entitled to be admitted." *Aguinaga-Trujillo*, 2025 WL 3471572, at *5. The Court finds that the petitioner falls within the relevant definitions of an "applicant for admission." *See* 8 U.S.C. §§ 1101(a)(4) & 1225(a)(1). The critical dispute is whether the petitioner qualifies as an alien "seeking admission."

The respondents' interpretation of "seeking admission" is problematic at best. As many other courts have noted, the respondents' interpretation of the statute would render the phrase "seeking admission" meaningless. *See Aguinaga-Trujillo*, 2025 WL 3471572, at *5; *see also Becerra Vargas*, 2025 WL 330446, at *4. If, as respondents propose, § 1225(b)(2)(A) applied to "all 'applicant[s] for admission,' there would be no need to include the phrase 'seeking admission'." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 (S.D.N.Y. 2025). At the time of his detention, the petitioner was already present in the United States and had been for thirteen years. Dkt. No. 1 at 5. An applicant for admission who is already present in the country, such as the petitioner, is therefore not "seeking admission" as required by § 1225(b)(2)(A). *See Aguinaga-Trujillo*, 2025 WL 3471572, at *5; *Becerra Vargas*, 2025 WL 3300446, at *4.

This interpretation of "seeking admission" is reinforced by the Supreme Court's discussion in *Jennings*. There, the Supreme Court stated that § 1225 (b)(2) allowed the government to detain noncitizens "seeking admission." *Jennings*, 583 U.S. at 289. Meanwhile, §

1226 allowed the government to detain noncitizens "already in the country." *Id.* The distinction highlighted by *Jennings* comports with the text of the statute and the many cases that have followed it. *See generally Aguinaga-Trujillo*, 2025 WL 3471572, at *5; *Becerra Vargas*, 2025 WL 3300446, at *5.

Based on this interpretation of the statutes, the petitioner's detention would fall under § 1226, not § 1225(b)(2). The Court therefore finds that his continued detention under § 1225(b)(2) is unlawful and that petitioner's habeas petition should be **GRANTED**. The respondents have stipulated that the Court should order the petitioner's immediate release should it grant his petition. Therefore, the undersigned **RECOMMENDS** that the Court issue a writ of habeas corpus and order the petitioner's immediate release from custody.

### D.  Requests for Attorney's Fees Must Be Raised Separately.

The petitioner also makes a summary request for attorney's costs and fees under the EAJA. Dkt. No. 1 at 20. Under the Court's local rules, requests for attorney's fees must be made in a separate motion not later than fourteen (14) days following the entry of final judgment. Local Rule CV-54(b). Accordingly, the Court does not address this issue, and the petitioner may renew his request in a separate motion, as provided by the Local Rules.

### III.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus be **GRANTED** and the petitioner's immediate release be ordered. The undersigned further **RECOMMENDS** that the petitioner's requests for a temporary injunction, a preliminary injunction, and declaratory relief be **DENIED-AS-MOOT**.

## IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 11th day of December, 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE